892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ex parte Robert LOUCKS, Petitioner.
In re Robert BUZZARD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1184.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1990.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Loucks, counsel for successful Social Security claimant Robert Buzzard, appeals the amount of attorney fees awarded him by the United States District Court for the Eastern District of Michigan under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b)(1982).
 
 
 2
 Buzzard suffers from a disorder known as ideopathic autonomic insufficiency, which causes him to become light-headed and pass out without warning. In representing Buzzard from March 1986 through September 1988 in a hearing before an administrative law judge, an appeal of that hearing to the District Court, and subsequent negotiations with the Social Security Administration, Loucks ultimately secured for his client a total award of $36,823 in past due disability benefits, as well as continuing monthly benefits for the duration of his disability. Following the final determination of benefits to Buzzard's satisfaction, Loucks filed an ex parte motion in the district court for attorney fees of 25% of the total award, or $9,205.75. In retaining Loucks, Buzzard had agreed to this percentage, the maximum allowed under the Social Security Act. In his motion, Loucks stated that these fees would compensate him for 85.50 hours of work, yielding an hourly rate of $107.67. Upon reviewing Loucks' itemized description of his services in the case, however, the magistrate determined that Loucks could properly claim only 54.66 hours of work. Finding $100 to be a reasonable hourly rate, the magistrate awarded him a fee of $5,466.00. Following Loucks' objections, the district court affirmed the magistrate's order on January 25, 1989.
 
 
 3
 On appeal, Loucks argues that the magistrate and district court underestimated his extensive and skilled efforts through which he successively increased the benefits awarded to his client. He also argues that there is no reason not to adhere to the 25% contingency fee originally agreed to by Loucks and his client.
 
 
 4
 It is evident from a review of the magistrate's opinion that although he did not have the benefit of our subsequent en banc decision in Rodriquez v. Bowen, 865 F.2d 739 (6th Cir.1989), his findings and determinations essentially took into account the requirements of that decision. Further, upon de novo review by the district court, Chief Judge Churchill expressly recognized the requirements of Rodriquez and concluded that the magistrate's determination of the reasonable amount of attorney fees to be awarded was in compliance therewith. On appeal to this court, the petitioner essentially argues that the amount of time he asserts to have spent in pursuit of the claim was reasonable and justified. He also argues with some force the undeniable fact that his efforts were instrumental in producing the increased benefits. Notwithstanding these arguments, however, we view our role as one of determining in the first instance whether the proper standards of law were followed. Here they evidently were. Petitioner further argues that based upon the record before the magistrate and the district court, a determination to fix the attorney fees at an amount less than the full 25% originally agreed upon was based upon clearly erroneous findings or amounted to an abuse of discretion. Mindful of the discretion vested in the district court under law and consistent with our decision in Rodriquez, however, we are unable to reach either conclusion.
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Albert J. Engel assumed senior status effective October 1, 1989